UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DEBORAH FLOYD; DANNY FLOYD,
          *Plaintiffs-Appellants,*

v.

SUBRAT K. LAHIRY, M.D.; TRI-STATE
SURGICAL GROUP, a corporation,
          *Defendants-Appellees,*

and

MAURICIO N. SALEME, M.D.; M.N.
SALEME SURGERY, INCORPORATED, a
corporation; ST. MARY'S
HOSPITAL OF HUNTINGTON,
INCORPORATED, a corporation,
          *Defendants.*

No. 01-1164

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CA-99-454-3)

Submitted: August 28, 2001

Decided: September 17, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

N. Gerald DiCuccio, Gail M. Zalimeni, BUTLER, CINCIONE,
DICUCCIO & BARNHART, Columbus, Ohio; Raymond A. Nolan,

HAMMERS & NOLAN, Huntington, West Virginia, for Appellants. Fred B. Westfall, Jr., Jeffrey M. Wakefield, FLAHERTY, SENSA-BAUGH & BONASSO, P.L.L.C., Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Deborah and Danny Floyd appeal the district court judgment rendered against them, in accordance with a jury verdict rendered after a four-day trial. Appellants argue the court erred in denying their motion for a new trial under Fed. R. Civ. P. 59. Finding no reversible error, we affirm.

In 1997, Deborah Floyd ("Floyd") underwent a laparoscopic fundoplication for treatment of a hiatal hernia and esophageal reflux. During the surgery, Floyd began bleeding uncontrollably. A doctor found a quarter-sized hole in Floyd's inferior vena cava. Appellants brought this diversity suit alleging medical negligence concerning Floyd's treatment during the surgery. The district court entered judgment based on the verdict, and Appellants moved for a new trial. The district court denied the motion, and Appellants timely appealed.

A district court's denial of a motion for new trial is reviewed for clear abuse of discretion. *Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994). This decision "is not reviewable upon appeal, save in the most exceptional circumstances." *Id.* (citations omitted). Where there was an error of law in the district court's ruling, there was an abuse of discretion. *See Rhoads v. FDIC*, 257 F.3d 373, 381 (4th Cir. 2001); *Freeman v. Case Corp.*, 118 F.3d 1011, 1014 (4th Cir. 1997).

A trial court grants a new trial when: "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)). Because Appellants failed to move for judgment as a matter of law, we only review for an "absolute absence of evidence to support the jury's verdict." *Bristol Steel*, 41 F.3d at 187 (citations omitted). We have reviewed the record and are satisfied there was evidence to support the jury's verdict and the district court did not abuse its discretion in denying the motion for a new trial. Nor did the district court err in its reliance on *Bristol Steel*.

Accordingly, we affirm the district court's ruling based upon the jury's verdict. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*